IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES THOMAS HOPKINS, | ) | |
| | ) | Civil Action No. 21 – 1670 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MR. ERIC TICE, Superintendent, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) ) ) ) ) ) | |
| | ) | |
| *Respondents*. | ) | |

### **MEMORANDUM OPINION**[1]

Currently pending before the Court are a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner James Thomas Hopkins ("Petitioner") pursuant to 28 U.S.C. § 2254 and a Motion to Dismiss same filed by the Respondents. (ECF Nos. 1, 3, 8.) The Petition challenges Petitioner's judgment of sentence imposed on December 5, 2005, after a jury found him guilty of multiple counts of robbery and one count each of aggravated assault and possession of an instrument of crime at CP-02-CR-16702-2001, CP-02-CR-17392-2001, and CP-02-CR-17393-2001.[2] For these crimes he was sentenced to four concurrent terms of 25 to 50 years of imprisonment. Petitioner filed a direct appeal, and the Superior Court of Pennsylvania affirmed

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. (ECF Nos. 7, 10.)
[2] The docket sheets for Petitioner's criminal case can be found online at ujsportal.us/CaseSearch and on the docket in this case at ECF No. 8-1.

his judgment of sentence on September 21, 2007.  The Supreme Court of Pennsylvania denied his petition for allowance of appeal on May 20, 2008.

On July 18, 2008, Petitioner filed a timely petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), which was denied on October 15, 2008.  Petitioner filed an appeal, and, following a remand, the Superior Court of Pennsylvania affirmed the denial of the PCRA petition on August 23, 2010.  The Supreme Court of Pennsylvania denied his petition for allowance of appeal on July 14, 2011.  No further action was taken until Petitioner filed his Petition in this case on November 9, 2021.[3]  His Petition raises four claims:  (1) trial court error for refusing to give a *Kloiber*[4] instruction[5] with respect to the identification testimony of prosecution witnesses Betty Jean Mervis, Carol Davis and Jaime Anderson; (2) trial court error for refusing to sever his three cases for trial; (3) trial court error for refusing to bar evidence that Petitioner was twice convicted of the *crimen falsi* offense of robbery; and (4) trial court error by allowing the Commonwealth to refer to the exact names of Petitioner's *crimen falsi* convictions.  For the following reasons, the Respondents' Motion to Dismiss will be granted, the Petition will be dismissed as untimely and a certificate of appealability will be denied.

A.      **Statute of Limitations**

---

[3] This is the filing date pursuant to the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).
[4] Commonwealth v. Kloiber, 106 A.2d 820 (1954).
[5] "A *Kloiber* charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his identification of a defendant, or had difficulty making an identification in the past."  Commonwealth v. Reid, 99 A.3d 427, 448 (Pa. 2014).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction

3

or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other exceptions or equitable tolling should be applied on the facts presented.

### B. Discussion

Respondents move to dismiss the Petition on the basis that it was untimely filed, and the Court agrees that the Petition was untimely filed.  First, the "trigger date" for all of Petitioner's claims is the date on which his judgment of sentence became final,[6] which in this case was August 18, 2008; 90 days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal on May 20, 2008, and the last day Petitioner had to file a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review).  Thus, the first day of Petitioner's one-year statute of limitations period was August 19, 2008, and, absent any tolling for "properly filed" applications for post-conviction relief, Petitioner had until August 19, 2009 to file a timely federal habeas petition challenging his judgment of sentence.  Because Petitioner did not file his Petition in this case until November 9, 2021, over twelve years later, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.  Here, Petitioner filed a properly filed PCRA petition on July 18, 2008, which was before his judgment of sentence became final.  After the filing of the PCRA petition, Petitioner's one-year statute of limitations was tolled until

---

[6] Petitioner does not argue, nor do his claims suggest, that an alternative "trigger date" should be utilized.

the Supreme Court of Pennsylvania denied his petition for allowance of appeal on July 14, 2011. At that time, Petitioner still had the entire one-year statute of limitations remaining. However, the statute started to run on July 15, 2011, and it fully expired one-year later on July 15, 2012. As previously stated, Petitioner did not file the instant Petition until November 9, 2021, over nine years after the statute of limitations expired. As such, the Petition was untimely filed.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. See Holland v. Florida, 560 U.S. 631 (2010); see also McQuggin v. Perkins, 569 U.S. 383 (2013). Petitioner, however, has not argued for the applicability of either. As such, the Petition will be dismissed since it was untimely filed.

### C. Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not made the requisite showing in this case. Accordingly, a certificate of appealability will be denied. A separate order will issue.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: June 21, 2022.

Cc:    James Thomas Hopkins
       GL-2311
       SCI-Somerset
       1590 Walters Mill Road
       Somerset, PA  15510-0001

       Counsel of Record
       (*via CM/ECF electronic mail*)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES THOMAS HOPKINS, | ) | |
| | ) | Civil Action No. 21 – 1670 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MR. ERIC TICE, Superintendent, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) ) ) ) ) ) | |
| | ) | |
| *Respondents*. | ) | |

# ORDER

**AND NOW**, this 21st day of June 2022;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, Respondent's Motion to Dismiss (ECF No. 8) is **GRANTED** and the Petition (ECF Nos. 1, 3) is hereby dismissed as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:    James Thomas Hopkins

GL-2311
SCI-Somerset
1590 Walters Mill Road
Somerset, PA  15510-0001

Counsel of Record
(*via CM/ECF electronic mail*)